```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     EASTERN DISTRICT OF CALIFORNIA
10
                                ----oo0oo----
11
    EDITH CARTWRIGHT,
12                                         NO. CIV. S 05-0725 MCE KJM
              Plaintiff,
13
         v.                                MEMORANDUM AND ORDER
14
    UNIVERSITY OF CALIFORNIA,
15  DAVIS, a public entity;
    REGENTS OF THE UNIVERSITY OF
16  CALIFORNIA, DAVIS, as
    individuals and in their
17  official capacity; SAL GENITO,
    as an individual and in his
18  official capacity; ALLEN
    TOLLEFSON, as an individual
19  and in his official capacity;
    DENNIS SHIMEK, as an
20  individual and in his official
    capacity; DANIEL GRAY, as an
21  individual and in his official
    capacity; HUMBERTO GARCIA, as
22  an individual and in his
    official capacity; JULIE
23  MCNEAL, as an individual and
    in hher official capacity,
24  LOUIE J. SLATYTON, as an
    individual and in his official
25  capacity; DARRELL RALLS, as an
    individual and in his official
26  capacity; AL MINNE, as an
    individual and in his official
27  capacity; AND DOES 1-10,

28            Defendants.

                                  1
```

----oo0oo----

Plaintiff Edith Cartwright ("Plaintiff") instituted the present action following her termination by Defendant University of California, Davis ("University") on or about November 11, 2003. Plaintiff alleges she was terminated in retaliation for filing a state court action less than two weeks before, on October 31, 2003. She asserts claims for violation of 42 U.S.C. § 1983, § 1985, and 42 U.S.C. § 20003, as well as a pendant state law claim for breach of the implied covenant of good faith and fair dealing. Plaintiff's complaint in this matter was filed on April 13, 2005, and all Defendants[1] now specially appear to request that Plaintiff's complaint be dismissed because of her failure to effectuate service within 120 days as required by Federal Rule of Civil Procedure 4(m).[2] In addition to opposing that motion, Plaintiff has filed her own motion to extend the time for proper service pursuant to Rule 6(b). As set forth below, Defendants' Motion to Dismiss is denied, and Plaintiff's request for additional time to serve her complaint will be granted.

//
//
//

---

[1] In addition to the University, Plaintiff named as Defendants the University's Regents as well as nine other individuals associated with the University.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

**BACKGROUND**

As indicated above, Plaintiff filed the instant complaint on April 13, 2005, claiming that she was terminated from her position with the University in retaliation for her commencement of an earlier action in state court. Discovery had apparently been pursued in Plaintiff's state court case, including responses to interrogatories, document production requests, and Plaintiff's own deposition. According to Plaintiff, at least some of that discovery was conducted after her termination, although it is unclear whether discovery continued after institution of the present lawsuit. At any rate, it appears uncontroverted that Plaintiff's counsel, Barzin Sabahat, made no effort to serve the instant complaint until late July, 2005, more than three months after it was filed. At that time, according to Mr. Sabahat, he telephoned attorney Mark Posard to inquire whether Mr. Posard, who already represented the University in Plaintiff's state court action, would accept service of the federal lawsuit on the University's behalf. (Sabahat Decl., ¶ 4).

Attorney Posard does not dispute Barzin Sabahat's allegation that at the time of an August 10, 2005 telephone conversation they spoke about the substance of Plaintiff's federal complaint, leading Mr. Sabahat to conclude that Posard had already obtained a copy of the complaint. At that point, there is no dispute that Mr. Posard agreed to accept service on behalf of the Regents of the University of California, only. That agreement was

3

memorialized in writing by letter from Attorney Sabahat dated August 10, 2005 (See Ex. "A" to Sabahat Decl.). It appears, however, that no agreement was reached to accept service on behalf of any of the other Defendants named by Plaintiff in her complaint.

As indicated previously, defendants filed the instant motion to dismiss on September 23, 2005, on grounds that Plaintiff failed to effectuate service on Defendants within 120 days of the filing of her complaint, as required by Rule 4(m). Plaintiff submitted opposition to that motion on October 5, 2005, and concurrently filed her own motion to extend the time for proper service under Rule 6(b).

## STANDARD

Rule 4(m) provides that an action may be dismissed if not served within 120 days after its filing, stating in pertinent part as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected with a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period...

The time parameters established in Rule 4(m) are designed to ensure that defendants will be promptly notified of pending lawsuits so as to guard against possible prejudice resulting from delay. *See* Electrical Specialty Co. v. Road & Ranch Supply,

4

Inc., 967 F.2d 309 (9th Cir. 1992).

With respect to what constitutes "good cause" for purposes of extending the 120 days permitted for timely service under Rule 4(m), a demonstration of good faith on the part of the party seeking an enlargement of time is generally required, along with some reasonable basis for noncompliance with the time limitations set forth within Rule 4(m). MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3rd Cir. 1995). Any prejudice to the defendant from granting an extension is also considered (*see* Feingold v. Hankin, 269 F. Supp. 2d 268, 275 (S.D. N.Y. 2003), as is the question of whether dismissal of the action would prevent refiling due to the applicable statutes of limitation. *See* Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).[3]

Rule 4(m)'s "good cause" standard is also typically equated with "excusable neglect" under Rule 6(b)(2), which permits an extension of any expired deadline mandated by the Federal Rules of Civil Procedure upon such showing. Some courts even consider whether the party opposing a Rule 4(m) motion has moved for more time under Rule 6(b) in deciding whether to grant dismissal under Rule 4(m). *See* Television Signal Corp. v. City & County of San Francisco, 193 F.R.D. 645, 646 (N.D. Cal. 2000). As stated above, Plaintiff has concurrently moved for an enlargement of time under Rule 6(b), along with opposing Defendants' Motion to Dismiss under Rule 4(m).

---

[3] *See also* California Practice Guide, Federal Civil Procedure Before Trial (2005), § 5:285.1, for a general discussion of the factors to be considered in determining whether "good cause" exists to extend the time for service under Rule 4(m).

5

## ANALYSIS

In determining whether Plaintiff has met the "good cause" standard for justifying an extension of her time to serve the summons and complaint in the instant action, the primary focus should be her reason for not complying with the time constraints of Rule 4(m) in the first place. <u>Boley v. Kaymark</u>, 123 F.3d 756, 758 (3rd Cir. 1997). Plaintiff argues here that her counsel relied upon defense counsel's agreement to accept service. While she claims that defense counsel never revoked that agreement before filing the present motion to dismiss a little more than a month later, there is no indication that Plaintiff's counsel ever attempted to serve any of the defendants before the August 10, 2005 agreement to accept service was reached (just three days before expiration of the 120 day period), or that Plaintiff's counsel did anything to follow up on the defense's agreement before the motion to dismiss was filed. In addition, the acceptance of service agreed to by the defense appears to have been limited to the Regents of the University of California, only, and did not extend to any of the other defendants.

Plaintiff's efforts to effectuate service as outlined above are, at best, questionable. She waited until the last minute to secure an agreement to accept service and apparently did not try to effectuate actual service beforehand. The agreement she did reach was not as to all defendants. While this factor does not bode well for satisfying the "good cause" prerequisite to

1  affording relief under 4(m), at a minimum Plaintiff arguably has
2  "some reasonable basis for noncompliance" with the strictures of
3  Rule 4(m) (*see* MCI Telecommunications Corp. v. Teleconcepts,
4  Inc., 71 F.3d at 1097), and may consequently still qualify for
5  relief if other relevant factors, as discussed above, militate in
6  her favor.

7  Those factors must therefore be addressed.  Turning first to
8  whether Defendants were prejudiced, the defense offers no
9  specifics to support a claim that they were actually prejudiced
10 by Plaintiff's delay in service.  While the defense states
11 generally that witnesses may lose "relevant memories" as time
12 passes, as indicated above it appears that defense counsel had
13 obtained an actual copy of the complaint before speaking with
14 Plaintiff's counsel on or about August 10, 2005.  One of Rule
15 4(m)'s objectives, as indicated above, is to assure timely
16 notification of pending lawsuits, and defense counsel does not
17 claim it failed to receive such notification.  In short, no
18 credible argument for actual prejudice has been advanced.

19 Second, with respect to whether Plaintiff's claims would be
20 barred by the applicable statute of limitations were she forced
21 to refile her action following a Rule 4(m) dismissal, it would
22 appear she would be confronted with time-barred claims.
23 Plaintiff's claims premised on alleged violations of 42 U.S.C. §§
24 1983 and 1985, for example (the second and fourth causes of
25 action Plaintiff has asserted, out of a total of four claims),
26 carry a statute of limitations equivalent to the applicable state
27 law period for personal injury torts.  Wilson v. Garcia, 471 U.S.
28 261, 275, 276 (1985) (Section 1983); McDougal v. County of

7

1  Imperial, 942 F.2d 668, 673, 674 (9th Cir. 1991) (actions under
2  Section 1985 governed by Section 1983 limitations period).  In
3  California, effective November 1, 2003, that period is two years.
4  Cal. Code Civ. Proc. § 335.1; see Krupnick v. Duke Energy Morro
5  Bay, LLC, 115 Cal. App. 4th 1026, 1028 (Cal. App. 2004).  Because
6  Plaintiff's complaint is premised on events that occurred prior
7  to the time she was terminated on November 11, 2003, both her
8  Section 1983 and Section 1985 claims would be time precluded if
9  refiled at this time.
10       Finally, Plaintiff has also filed her own request for
11 additional time under Rule 6(b).  As indicated above, that is
12 another factor looked to by courts in determining the propriety
13 of a motion to dismiss under Rule 4(m).  See Television Signal
14 Corp. v. City & County of San Francisco, 193 F.R.D. at 646.
15       Because these factors all mitigate in favor of denying
16 Defendants' Motion to Dismiss, the Court will deny that motion
17 despite the fact that Plaintiff's effort to serve her complaint
18 within the requisite 120 day period was inadequate.  After
19 considering all the relevant factors, the Court believes that
20 Plaintiff has demonstrated "good cause" within the meaning of
21 Rule 4(m) for an extension of time.  The language of Rule 4(m)
22 makes it clear that an extension is mandatory upon that showing.
23 See Petrucelli v. Bohringer & Ratzinger GmBH
24 Ausdereitungsanlagen, 46 F.3d 1298, 1305 (3rd Cir. 1995).
25 Moreover, even if "good cause" was not demonstrated, the Court
26 still has discretion to grant an extension and deny the motion to
27 dismiss, should it elect to do so.  Id.
28 //

8

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss is DENIED. Because Plaintiff has demonstrated that she is entitled to relief under Rule 4(m), an extension of time will be granted.[4] Plaintiff must serve all named defendants not later than ten (10) days following the date of this order, and file proof of service with the Court not later than ten (10) days after each service. No additional extension for effectuating service of process will be permitted.

IT IS SO ORDERED.

DATED: November 17, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court's denial of Defendants' Rule 4(m) motion makes it mandatory to afford Plaintiff additional time to effectuate service in this matter, and because the Court has accordingly extended Plaintiff's time to do so, it is unnecessary to specifically rule on Plaintiff's concurrently filed Motion to Extend Time under Rule 6(b). The Court hence declines to rule on that motion.